Mamo Pittoni, J.
Motion to open the default of the respondent on a motion to confirm an arbitration award is denied.
To prevail in a motion to open a default the movant must submit (1) an affidavit of merits, and (2) a reasonable excuse for the default; and he must also apply for such relief within a reasonable time after he has knowledge of the default.
The papers submitted reveal that the motion to confirm the arbitrator’s award was granted on default on November 29, 1960. The motion had been on the calendar for November 28, 1960. Assuming that movant’s attorney was misled by a lawyers’ answering service with respect to the calendar for November 28, it is admitted by that attorney that on the afternoon of November 28 he was informed that the motion had been on the calendar that morning. With knowledge of that fact, plus the service on him on December 13, 1960 of the order to be entered thereon, the movant failed to have the order to show cause to open the default signed until February 21,1960. The sole excuse offered for the delay of almost three months in making this motion was “ due to death in deponents’ family.” When the death occurred and who died is not revealed.
Proceeding to the merits of the application, the respondent’s affidavit has been considered and found deficient in facts to obtain an order vacating or modifying the award under sections 1458, 1462,1462-a of the Civil Practice Act. The claim that the arbitrator was without authority to pass on the dispute may not be made by one who has participated in the arbitration proceedings (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 383). Admittedly the issue was submitted to the arbitrator as to the responsibility of the respondent for bills unpaid by customers. Credit was given to the respondent for sums due him and the difference was $180.45 due the petitioner. Whether the award was the result of an error in fact or in law, the court *878 may not disturb it (Matter of Brighton Mills [Rayon Corp. of America], 282 App. Div. 669) since the arbitrator had jurisdiction of the dispute. The burden is on the movant to show that the arbitrator exceeded his authority. He has failed to sustain that burden.